## J. P. ELAM, Tutor, et al. *v.* HEIRS A. S. BARR et al.

Where the tutor was bound to furnish another surety, in place of one who had died or become insolvent, and without any order of court, voluntarily furnished a new bond, with other surety, which was filed and approved by the Clerk of the court—*Held :* That the surety on the new bond was bound, although it was not executed in pursuance of any order of court "*volenti non fit injuria.*"

APPEAL from the District Court of the Parish of Catahoula, *Richardson*, J. *J. G. Taliaferro* and *W. B. Spencer*, for plaintiffs and appellants. *McGuire & Ray* and *R. H. Cuney*, for defendants.

BUCHANAN, J. The appellee, *Sarah J. Glenn*, administratrix of the succession of *Isaac T. Glenn*, moves to dismiss the appeal taken by the plaintiffs herein, on the ground that *Elizabeth Glenn*, one of the defendants, was not made party to the appeal.

It was not necessary to make her a party. She had no interest in maintaining the judgment of the court below, which condemned her to pay the plaintiffs a large sum of money, while it exonerated the co-defendant and appellee from all liability. *Dow* v. *Hardy*, 13 An. 441 ; *Saux* v. *Lefevre*, 12 An. 757.

Our decision upon this point renders it unnecessary to notice the other grounds of the motion to dismiss.

The principal question to be determined is the validity and binding effect of a bond given on the 10th of December, 1850, by *Samuel Glenn*, as principal, and *Isaac Thomas Glenn*, as his security, in the sum of twelve thousand seven hundred and seventeen dollars, conditioned for the faithful performance, by *Samuel Glenn*, of the duties of tutor of the minors *Elam*. The appellee, *Sarah Jane Glenn*, administratrix of the estate of *Isaac Thomas Glenn*, security named in said bond, defends this suit, on the ground, (among others,) that said bond was executed several years after *Samuel Glenn's* appointment as tutor to the plaintiffs, and was not provoked by any legal proceedings, and was not executed in pursuance of any law or order of court, and is a *nude pact*, and is in no manner binding on the estate of *Isaac T. Glenn*.

The record shows that *Samuel Glenn* was appointed tutor to the minor heirs of *L. W. Elam*, in November, 1849, and gave as surety on his bond, *Elizabeth Glenn* and *Alfred S. Barr*.

*Barr* died in February, 1850. *Elizabeth Glenn* became insolvent about the

same time, her estate being sold on a twelve month's bond. At this juncture of affairs, *John A. Bray*, uncle of plaintiffs, demanded of *Glenn* other and better security for his tutorship, which *Glenn* complied with, by executing the bond above mentioned, with *Isaac T. Glenn* as security, which bond was approved by the Clerk of the District Court.

It seems to us that the bond given under these circumstances, is a legal bond. The obligation of a dative tutor, to give good and sufficient security for the fidelity of his administration, is recognized by Article 330 of the Civil Code.

Now, nothing is more likely to happen in the series of years during which a charge of tutorship may last, than that the surety originally given by the tutor, may die or become insolvent. In either case, the security for the minor's rights, which the law contemplates, no longer exists. There will be, virtually, no one bound for the fidelity of the tutor's administration, but himself.

It cannot be doubted, that upon suggestion of this fact to the Judge of Probates, the tutor would be ordered to furnish another surety in the place of him who has died or become insolvent. And if, without any order of court, the tutor voluntarily furnishes another bond, with other security, under the circumstances, and files the same with the Clerk of the court, he has done no more than he was obliged to do, and it does not lie in the mouth of the surety who has signed such bond, nor of the representatives of such surety, to repudiate the obligation. This is not, in terms, the case of the third paragraph of Article 330 of the Code, which authorizes the tutor's bond to be increased or diminished on the demand of the under-tutor, or of any relation of the minor, when there shall be an augmentation, or a diminution of the funds of the minor, in the tutor's hands. Such increase or diminution of the amount of security for administration, must, probably, be ordered by the Judge; particularly would that seem necessary, when a diminution of the security was made. But that paragraph more particularly points to the case when the person of the surety is unchanged; the amount of the suretyship being the only thing mentioned in the text.

With regard to the present case, the maxim will apply, that in whatever manner a man binds himself, he shall remain bound; and the other maxim " *volenti non fit injuria.*"

In the case of *Canal Bank* v. *Brown*, an administrator's bond was held to be valid and binding on the sureties, under circumstances of much greater irregularity than those of the present case. See also *Bryan* v. *Austin*, 10 An. 613.

The amount of the indebtedness of the tutor seems to have been correctly settled by the District Judge, under the evidence, in rendering judgment against the surety, who is not before us. Under the views taken by us of the effect of the bond signed by *Isaac T. Glenn*, the same judgment must be rendered against the estate of the latter.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed, as to the defendant, *Sarah Jane Glenn*, administratrix of *Isaac T. Glenn's* succession; and that plaintiffs recover of the said *Sarah Jane Glenn*, in her quality aforesaid, the sum of seven thousand two hundred and eighty-three dollars and fifty eight cents, subject to a credit of two thousand three hundred and twenty-eight dollars and thirty-two cents; and costs of both courts.